UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

    Plaintiff,

Case No. 2:16-cr-20799

v.

HONORABLE STEPHEN J. MURPHY, III

D-1, RICHARD JACKSON,

    Defendant.

                                         /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [17]**

The Government charged Defendant Jackson with two counts of sex trafficking in violation of 18 U.S.C. § 1591(a). He has moved to suppress evidence seized during a November 17, 2016 search of his home and his LG cell phone. For the reasons stated below, the Court will deny the motion.

**BACKGROUND**

On November 16, 2016, police received the first of a series of 911 calls from an adult woman residing at 3004 S. Electric, Detroit, Michigan. The woman complained that Jackson physically assaulted another woman in the residence. Police responded. After the police arrived at 3004 S. Electric, the woman who called 911 told them that a woman had been assaulted by Jackson and was still in the house. Police entered the residence to search for the alleged victim. Body cameras captured the police officers' actions inside the residence. The videos show officers looking through dresser drawers and looking under furniture. Later, officers obtained a warrant from a Wayne County judge to search 3004 S. Electric. ECF 19-2 The search-warrant affidavit made the following factual allegations:

- The affiant, a Canton police officer, had served for six years on the FBI's Southeast Michigan Trafficking and Exploitation Crimes Task Force (SEMTEC). *Id.* ¶ 1.

- On November 17, 2016, Adult Victim (AV) - 1 called 911 to report that she and three other females (including a 14 and 16 year old) lived at 3004 S. Electric, Detroit, Michigan and had been forced to work as prostitutes by Jackson. AV-1 alleged Jackson was their pimp. *Id.* ¶ 3.

- When officers responded to 3004 S. Electric, the minor girls were not present. AV-1 told officers that Jackson had physically assaulted the girls, and she had helped them to escape through a bathroom window. *Id.* ¶ 5.

- AV-1 told officers that Jackson gave the females drugs and beat them if they refused to work as prostitutes. *Id.* ¶ 6.

ECF 19-2, PgID 76–77.

The officers also obtained a warrant to search Jackson's cell phone. ECF 19-3. The cell-phone affidavit reiterated the factual allegations above and added the following statements:

- AV-1 told officers that Jackson used a LG cell phone to take photos of the females, post the photos on "Backpage," and set up "dates" for the females. *Id.* ¶ 7.

- The affiant noted that based on his experience investigating sex trafficking, "Backpage" is a webpage used to advertise prostitution services, and the term "date" refers to a prostitute meeting with a "john" to engage in sexual activities for money. *Id.*

ECF 19-3, PgID 82–83. Based on the authority of the two warrants, officers searched Jackson's residence and his cell phone. *Id.* at 81. The officers arrested Jackson and the Government charged him with two counts of sex trafficking. Jackson now seeks to suppress evidence from the searches.

**LEGAL STANDARD**

The Fourth Amendment protects "[t]he right of the people to be secure . . . against unreasonable searches and seizures[.] U.S. Const. amend. IV. To secure this right, the Amendment provides that "no Warrants shall issue, but upon probable cause[.]" *Id.* "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quotations omitted). To establish probable cause, a warrant must be "supported by Oath or affirmation." U.S. Const. amend. IV. Thus a search-warrant affidavit "must contain adequate supporting facts about the underlying circumstances to show that probable cause exists." *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996).

When issuing a warrant, the "magistrate is simply to make a practical, common-sense decision" given the totality of the facts. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). When reviewing a search warrant, courts must give "great deference" to the magistrate's determination while ensuring that the magistrate "had a substantial basis for concluding that probable cause existed." *Id.* at 236, 238–39. A magistrate's probable cause determination "should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

**DISCUSSION**

I.   <u>Probable Cause</u>

Jackson argues that the affidavit lacked probable cause because it was "bare bones," and "conclusory." Defendant offers no specifics to support his argument, other than noting that the affiant did not verify or corroborate information.

The Court's "review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009). And here, the affidavits provided sufficient information to show a "fair probability" that contraband or evidence of a crime would be found at 3004 S. Electric and on the LG cell phone. *Davidson*, 936 F.2d at 859. The affidavits described AV-1's 911 call, when she told the dispatcher that Jackson was forcing the women residing at 3004 S. Electric to work as prostitutes. ECF 19-2, 19-3 ¶ 3. The affidavits noted that when officers responded, AV-1 explained that she had helped the juveniles escape from Jackson's physical assault. *Id.* ¶ 5. Additionally, the affidavits contained AV-1's description of Jackson's use of a gate and padlock to confine the women, and her statements that Jackson beat the women, forced them to use drugs, and forced them to "walk the track" as prostitutes. *Id.* ¶¶ 4, 6. In sum, the affidavits provided the magistrate judge with "a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 236.

II.   Particularity

Jackson argues that the warrants were unconstitutionally overbroad because they authorized the seizure of "so many items" and left the decision of what to seize at the complete discretion of the officers.

The Fourth Amendment requires warrants to "particularly describ[e] the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. A warrant must limit "authorization to search to the specific areas and things for which there is probable cause to search." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). To satisfy the particularity requirement, a warrant must "suppl[y] enough information to guide and control the agent's

judgment in selecting what to take," and cannot specify a category that "is too broad in the sense that it includes items that should not be seized." *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999). "[T]he degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) (quotations omitted).

Here, the warrants authorized officers to seize three categories of items: electronic devices, narcotics and related paraphernalia, and biological evidence. The affidavits established probable cause that Jackson's electronic devices could contain evidence of sex trafficking—including photographs, documentary evidence, and advertisements—based on AV-1's statement that Jackson forced her and other girls to engage in prostitution and took their photographs to post in on-line prostitution advertisements. ECF 19-3 ¶¶ 3–4, 6. Additionally, the affidavit established probable cause to search for narcotics based on AV-1's statement that Jackson forced her and the other girls to take drugs. ECF 19-2 ¶ 6. Lastly, the affidavit established probable cause that the residence might contain biological evidence of sex trafficking based on AV-1's statement regarding Jackson's violent assault and physical restraint of the girls, and her statement regarding acts of prostitution. ECF 19-2 ¶¶ 5–6. Because the warrants identified the items to be seized with particularity, and authorized seizure based on probable cause that the items seized would provide evidence of criminal wrongdoing, the warrants satisfied Fourth Amendment particularity requirements.

III. <u>The Initial Entry Into the Residence</u>

Jackson contends that the police conducted an illegal search during the initial warrantless entry of the residence. Jackson notes that the police body-camera footage

shows officers searching drawers and under a couch prior to obtaining the search warrants. He concedes that police had legal authority to enter the residence and search for additional victims in need of police assistance, but argues that the search through drawers and under the couch exceeded the authorized scope of the initial warrantless search. He did not address this argument in his brief, but rather raised it for the first time at oral argument.

The Court evaluates the validity of the warrants based solely on the "four-corners of the affidavit." *Berry*, 565 F.3d at 338. As noted above, the affidavits established probable cause based on statements made by AV-1. Jackson fails to identify a single supporting fact in the affidavits gleaned from the officer's initial warrantless entry into the house. So whether or not the officers exceeded the scope of the initial search for victims has no effect on the validity of the warrants.

IV.  Good Faith Exception

Jackson argues that the good faith exception to the exclusionary rule does not apply here because the warrants were not objectively reasonable. As discussed above, the affidavit established probable cause and the warrants were valid. And in any event, Jackson offers no evidence—or argument—to show that police engaged in "deliberate, reckless, or grossly negligent conduct." *United States v. Master*, 614 F.3d 236, 243 (6th Cir. 2010). Should any reasonable jurist disagree with the Court's finding on probable cause, the good faith exception would apply.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Suppress [17] is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

                        s/Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated:  March 20, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2017, by electronic and/or ordinary mail.

                        s/David P. Parker
                        Case Manager