UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, RICHARD KNIDER JACKSON,

    Defendant.

_____/

Case No. 2:16-cr-20799

HON. STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING MOTION TO CHANGE VENUE [58]**

The Government accuses Defendant Richard Knider Jackson of sex trafficking by force, fraud, or coercion. Defendant seeks to change venue because of media coverage of a sex trafficking raid at a motel in Detroit in January 2017. The parties briefed the issues, and the Court finds that a hearing is unnecessary. For the reasons below, the Court will deny the request.

The United States Constitution guarantees criminal defendants the right to a trial by an impartial jury. U.S. Const. amend. VI. To effectuate that guarantee, the Federal Rules of Criminal Procedure require a transfer of venue if "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Two types of prejudice can warrant a transfer: presumptive prejudice and actual prejudice. *United States v. Poulsen*, 655 F.3d 492, 506 (6th Cir. 2011) (citing *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007)). The Court will address each in turn.

*Presumptive Prejudice.* There is insufficient evidence to support a finding of presumptive prejudice. "Presumptive prejudice from pretrial publicity occurs where an

1

inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community." *Foley*, 488 F.3d at 387 (citations omitted). Given that high bar, a defendant "bears an 'extremely heavy' burden to show that pretrial publicity will deprive him of an impartial jury." *United States v. Beasley*, No. 12-20030, 2014 WL 1870792, at *2 (E.D. Mich. May 8, 2014) (quoting *Coleman v. Kemp*, 778 F.2d 1487, 1537 (11th Cir. 1985)). Accordingly, a presumption of prejudice "attends only the extreme case." *Skilling v. United States*, 561 U.S. 358, 381 (2010).

Initially, there is nothing in the record supporting Defendant's position. Rather than detailing a specific article or attaching some exhibits, Defendant baldly refers to a "January 17 sex trafficking charge at Victory Inn, drugs, juveniles, fugitives, prostitutes across state lines." ECF 58, PgID 204. That said, the Court will give Defendant some leeway because he is proceeding pro se, the Government concedes that "there has been some negative publicity surrounding a local, unrelated drug and sex trafficking case at the Victory Inn motel," ECF 74, PgID 320, and the Court is familiar with the incident. That media coverage, however, is not extreme enough to create a presumption of prejudice.

First, the cited media coverage is not related to this case. There is no indication that Defendant was working with or otherwise linked to the alleged sex traffickers arrested at the Victory Inn. And there is no evidence that media coverage of the Victory Inn raid mentioned Defendant's name or case. The best Defendant can muster is that he is also accused of sex trafficking, the coverage of the Victory Inn raid occurred two months after his arrest, and the Victory Inn was also located in Southwest Detroit. Anybody familiar with the Eastern District of Michigan's criminal docket knows that on a regular basis one defendant is charged with the same crime as another defendant in an unrelated case,

and those alleged crimes often occur in Southwest Detroit; that is simply not extreme enough to warrant a presumption of prejudice. But even if it were, there are several other mitigating factors here.

For example, the number of individuals available for jury service in the Southern Division of the Eastern District of Michigan almost guarantees that an impartial jury can be found. *Beasley*, 2014 WL 1870792, at *2–3 (citing *Skilling*, 561 U.S. at 382). Also, the Court is unaware of any news stories that contained a confession or other blatantly prejudicial information that a potential juror could not reasonably be expected to exclude from his consideration. *Skilling*, 561 U.S. at 382. And finally, nearly two years will have passed between the news coverage Defendant cites and the start of his trial. *See id.* at 383.

*Actual prejudice.* It is too early to assess actual prejudice. Before a jury is empaneled, the Court and the parties will be able to learn more about the potential jurors such as whether they have seen or heard anything about the case that may cause prejudice. *Beasley*, 2014 WL 1870792, at *4. That process is called voir dire, and it is the best way to determine actual prejudice. *Foley*, 488 F.3d at 387. Because the jury pool has not yet been selected and there has not been an opportunity for voir dire, it is too early to assess actual prejudice. A change of venue is therefore unwarranted at this time, but Defendant may raise the issue again during voir dire. *Beasley*, 2014 WL 1870792, at *4.

In sum, there is insufficient evidence to find a presumption of prejudice and it is too early to assess whether there is any actual prejudice. Defendant is therefore not entitled

to relief under the Sixth Amendment or Federal Rule of Criminal Procedure 21. So, the Court will deny Defendant's motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Change Venue [58] is **DENIED**.

**SO ORDERED.**

    s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 25, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2018, by electronic and/or ordinary mail.

    s/ David Parker
Case Manager